# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT ISADORE RICHARDSON,**

    **Petitioner,**

v.                                   **CRIMINAL ACTION No. 3:05-CR-40 (GROH)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    Introduction

On March 10, 2017, Robert Isadore Richardson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 273. On March 10, 2017, the Clerk issued a Notice of Deficient Pleading which advised the Petitioner that to comply with the Local Rule of Prisoner Litigation Procedure 3.4, his motion must be filed on the correct forms. ECF No. 276. On April 20, 2017, Petitioner re-filed his motion to vacate or set aside under § 2255 on the appropriate court-approved forms. ECF No. 280. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.    FACTUAL AND PROCEDURAL HISTORY

On May 8, 2006, pursuant to a written plea agreement [ECF No. 88], Petitioner

1

entered a guilty plea to and was convicted of possession with intent to distribute cocaine base[1], in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 88, 98. According to the Pre-Sentence Report ("PSR"), the Petitioner was determined to be a career offender within the meaning of U.S.S.G. § 4B1.1 of the Guidelines because: (1) Petitioner's criminal history included four prior offenses[2] involving controlled substances; (2) the instant offense was a felony involving a controlled substance; and (3) the Petitioner was 18 years or older at the time of its commission. ECF No. 94 at 7. On August 8, 2006, Petitioner was sentenced to a term of 210 months imprisonment followed by a four-year term of supervised release. ECF No. 98. The judgment for Petitioner's conviction was signed by the presiding judge and entered on August 28, 2006. ECF No. 98.

The Petitioner did not file an appeal of his conviction or sentence. However, on July 27, 2007, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, wherein he sought relief on four grounds.[3] ECF No. 103. On June 23, 2008, Magistrate Judge James E. Seibert issued a Report and Recommendation that the §

---

[1] The Plea Agreement included the provision that Richardson would plead guilty to Count 2, which charged possession with the intent to distribute 16.20 grams of cocaine base. ECF No. 88 at 1, ¶ 1. However, the parties stipulated in the Plea Agreement that the relevant conduct of Petitioner was 140 grams of cocaine base and 4.0 grams of cocaine hydrochloride. Id. at 3, ¶ 9.

[2] Petitioner was convicted of: (1) Intent to Sell Narcotic Drug in the Superior Court for Bronx, New York, on June 28, 1988, in case number 2961-88[X]; (2) Possession with Intent to Distribute in Baltimore Circuit Court, on January 7, 1992, in case number 591297038; (3) Possession with Intent to Distribute in Baltimore Circuit Court, on October 13, 1994, in case number 294039058; and (4) Unlawful Distribution and Manufacturing in Baltimore Circuit Court, on April 27, 1999, in case number 298271006. ECF No. 94 at 8 – 10.

[3] The four grounds raised were all related to alleged ineffective assistance of counsel in regard to: (1) Petitioner's motion to suppress; (2) failure to file a notice of appeal when asked to do so; (3) failure to obtain Brady v. Maryland discovery concerning one of Petitioner's prior state convictions in Maryland to attack the career offender enhancement; and (4) failure to challenge an insufficient indictment. ECF No. 121 at 4.

2255 motion be denied as to the issues asserted in Grounds One, Three and Four, and setting an evidentiary hearing as to Ground Two. ECF No. 121. Following the September 5, 2008 evidentiary hearing, Magistrate Judge Seibert entered a Report and Recommendation concluding that Petitioner's § 2255 motion should be granted on the issue that Petitioner "requested his attorney to file an appeal and counsel ignored or refused this instruction." ECF No. 141 at 6. Magistrate Judge Seibert further recommended that the original judgment should be vacated, and the Petitioner should be re-sentenced because his trial counsel failed to file an appeal as requested by the Petitioner. Id. On April 30, 2009, the Report and Recommendation was adopted by Order of Judge John Preston Bailey. ECF No. 151. Petitioner appeared for re-sentencing on December 11, 2009, and was sentenced to 210 months incarceration followed by a four-year term of supervised release. ECF No. 169 at 2 – 3.

The Petitioner than pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit.[4] ECF Nos. 152 – 157. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), "asserting that there [were] no meritorious grounds for appeal, but questioning whether the district court committed plain error in accepting [the] guilty plea." ECF No. 191 at 2. The Petitioner filed a supplemental *pro se* brief in which he raised five claims:

> (1) the district court erred by amending the indictment without presentment to a grand jury; (2) the district court abused its

---

[4] The information on Petitioner's appeal in the United States Court of Appeals for the Fourth Circuit, No. 09-7136, is available on PACER. Certain records from that case are contained within the file in the instant matter and are cited to herein. Philips v. Pitt County Memorial Hosp. 572 F.2d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.' ")

3

>discretion by proceeding with the second indictment without resubmitting it to a grand jury; (3) counsel was ineffective for failing to file a motion to suppress; (4) counsel was ineffective for failing to appeal [Petitioner's] designation as a career offender; and (5) the district court abused its discretion in refusing to apply a 1:1 ratio of crack to powder cocaine at sentencing.

Id. By per curiam opinion decided April 8, 2011, the Fourth Circuit determined that the Petitioner validly waived his right to appeal his conviction by pleading guilty and his right to challenge his sentence, pursuant to the terms of the plea agreement. Id. at 4. The Fourth Circuit did not rule on the Petitioner's ineffective assistance of counsel claims, noting that such claims are generally raised by motion under 28 U.S.C. § 2255. Id. at 198.

Thereafter, on January 10, 2012, the Petitioner filed a second sequential Motion to Vacate pursuant to 28 U.S.C.§ 2255. ECF No. 196. The Clerk issued a notice of Deficient Pleading on January 10, 2012, which directed Petitioner to file his second motion to vacate on court-approved forms. ECF No. 199. On February 13, 2012, Petitioner refiled his motion to vacate on court-approved forms and raised various grounds for relief including lack of subject matter jurisdiction, and errors by the District Court.[5] ECF No. 202. On April 26, 2012, United States Magistrate Judge David Joel submitted a Report and Recommendation which recommended that the Petitioner's § 2255 Motion be denied and dismissed. ECF No. 223. On October 4, 2012, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. ECF No. 235. On

---

[5] The four grounds raised were: (1) 21 U.S.C. § 841 was not lawfully enacted, and thus he could not have been convicted of a violation of that law; (2) lack of subject matter jurisdiction; (3) the district court erred by accepting Petitioner's guilty plea without a "formal arraignment"; (4) the district court abused its discretion at sentencing by not adopting a 1:1 ratio as to crack cocaine and cocaine hydrochloride. ECF No. 202 at 5, 6, 8 and 10.

4

appeal, the Fourth Circuit Court of Appeals affirmed. ECF No. 247.

Thereafter, Petitioner filed a third sequential Motion to Vacate Under 28 U.S.C. § 2255, on April 7, 2016, wherein he alleged that pursuant to the decision in Johnson v. United States,[6] his career offender status was no longer valid under the residual clause. ECF No. 259. More specifically, Petitioner alleged that his conviction for second degree assault in the state of Maryland was not a violent crime, and thus could not properly be used to qualify him as a career offender. Id. at 4. On April 21, 2016, after filing his third sequential motion to vacate, Petitioner sought authorization from the Fourth Circuit to file a successive habeas application. Fourth Circuit Court of Appeals docket 16-397, ECF No. 2. On May 5, 2016, the undersigned entered a Report and Recommendation which recommended that the Petitioner's § 2255 Motion be denied and dismissed. ECF No. 266. On June 14, 2016, the Fourth Circuit issued an order which denied Petitioner's motion for authorization to file a successive habeas application, noting that Johnson v. United States, supra, which Petitioner relied upon in support of his motion, "has no impact on [Petitioner's] career offender status." Fourth Circuit Court of Appeals docket 16-397, ECF No. 8. On November 18, 2016, the District Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate as an unauthorized second or successive petition. ECF No. 271.

Following the Fourth Circuit's June 14, 2016 denial of Petitioner's motion to file a successive habeas petition but before the District Court's November 18, 2016 adoption of the Report and Recommendation, on June 28, 2016, Petitioner sought another authorization from the Fourth Circuit Court of Appeals to file a second or successive §

---

[6] __ U.S. __, 135 S.Ct. 2551 (2015).

2255 petition. Fourth Circuit Court of Appeals docket 16-9729, ECF No. 2. On July 12, 2016, when the Fourth Circuit denied Petitioner's application for authorization for a second or successive § 2255 petition, the Court determined in its order that, "Johnson has no impact on Richardson's career offender status." ECF No. 280-2; Fourth Circuit Court of Appeals docket 16-9729, ECF No. 6.

On March 10, 2017, Petitioner filed his fourth sequential motion pursuant to § 2255, and re-filed the motion on the appropriate court-approved forms on April 20, 2017. ECF Nos. 273, 280. Therein, Petitioner asserts two grounds for relief: (1) that he was improperly sentenced as a career offender based on the holding of Johnson, supra, and its progeny; and (2) what appears to be an argument that his prior criminal history was improperly calculated. ECF No. 280 at 5, 6.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

#### B. Pro Se Litigants.

Because petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial

6

review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

**C.   Motions made Pursuant to 28 U.S.C. § 2255.**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255. Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings. "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions.

8

Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 49.0, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is

9

bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)). To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

## IV. ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The referenced § 2244 regards finality of determination and provides, in part, that, "[b]efore a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). "It is settled law that not every numerically second petition is a 'second or successive' petition within the meaning" of the Antiterrorism and Effective Death Penalty Act. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014). In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); Harvey v. Horan, 278 F.3d 370, 379 – 80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011).

Here, it is clear that Petitioner's second habeas petition [ECF No. 196] was dismissed on the merits following the issuance of Magistrate Judge Joel's thorough Report and Recommendation and the District Court's adoption thereof. ECF Nos. 223, 235. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion. It is equally clear that Petitioner did not obtain authorization from the Fourth Circuit to file this fourth numerically successive § 2255 motion. Likewise, Petitioner did not obtain authorization from the Fourth Circuit to file his third numerically successive § 2255 motion, which led the undersigned to recommend denial of that third petition. ECF No. 266. An attachment which Petitioner provided with his refiled motion demonstrates that Petitioner previously sought authorization from the Fourth Circuit, in case number 16-9729, for another successive § 2255 motion, but on July 12, 2016, was denied relief because he failed "to make the prima facie showing necessary to receive the requested authorization." ECF No. 280-2.

Accordingly, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court is without authority to hear petitioner's instant federal habeas petition filed under 28 U.S.C. § 2255.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's initial and refiled Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF Nos. 273, 280] be **DENIED** and **DISMISSED** as unauthorized second or successive motions.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:     November 20, 2017

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE