# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT ISADORE RICHARDSON,**

    Petitioner,

v.                                                             **CIVIL ACTION NO.: 3:17-CV-23**
                                                                 **CRIMINAL ACTION NO.: 3:05-CR-40**
                                                                  **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

      On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. ECF No. 282 in 3:05-CR-40. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of a proposed Report and Recommendation. Magistrate Judge Trumble filed his Report and Recommendation on November 20, 2017. In that filing, he recommended that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed as a second or successive motion.

      Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, *de novo* or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Trumble's Report and Recommendation were originally due within fourteen (14) days after being served with a copy pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. However, the Court granted the Petitioner an extension, directing him to file objections on or before January 5, 2018. The Petitioner timely filed his objections on January 2, 2018. ECF No. 290 in 3:05-CR-40. Accordingly, this Court will undertake a de novo review of those portions of Magistrate Judge Trumble's findings to which objection is made. This Court will review the remainder of the Report and Recommendation for clear error.

## I. Background

On May 8, 2006, the Petitioner entered a written plea agreement [ECF No. 88 in 3:05-CR-40] and was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Petitioner was determined to be a career offender pursuant to United States Sentencing Guidelines § 4B1.1 because: (1) the Petitioner's criminal history included four prior offenses involving controlled substances; (2) the instant offense was a felony involving a controlled substance; and (3) the Petitioner was eighteen years or older at the time of its commission.

The Petitioner did not file a direct appeal, however, on July 27, 2007, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Magistrate Judge Seibert entered a Report and Recommendation concluding that the Petitioner's motion should be granted

on the issue that the Petitioner requested counsel to file an appeal and counsel ignored or refused the direction. After Judge Bailey adopted the Report and Recommendation, the Petitioner was re-sentenced to 210 months of incarceration followed by a four-year term of supervised release. Following his sentencing, the Petitioner filed a direct appeal with the Fourth Circuit Court of Appeals. On April 8, 2011, the Fourth Circuit affirmed the district court and dismissed the Petitioner's appeal.

Thereafter, the Petitioner filed his second Motion to Vacate pursuant to 28 U.S.C. § 2255 raising various grounds for relief, including lack of subject matter jurisdiction and errors by the district court. The district court denied and dismissed the motion to vacate, and the Fourth Circuit Court of Appeals affirmed.

On April 7, 2016, the Petitioner filed his third Motion to Vacate under 28 U.S.C. § 2255, wherein he argued that his career offender status was no longer valid pursuant to the decision in Johnson v. United States, which the district court ultimately denied as a second or successive motion. Shortly after, the Petitioner sought authorization from the Fourth Circuit to file a successive habeas application on the same grounds. On June 14, 2016, the Fourth Circuit denied Petitioner's motion for authorization to file a successive habeas application stating that Johnson v. United States "has no impact on [the Petitioner's] career offender status." Fourth Circuit Court of Appeals docket 16-397, ECF No. 8. On June 28, 2016, Petitioner sought another authorization from the Fourth Circuit to file a second or successive § 2255 petition on the same grounds. Again, the Fourth Circuit denied authorization stating that, "Johnson has no impact on Richardson's career offender status." Fourth Circuit Court of Appeals docket 16-9729, ECF No. 6.

On March 10, 2017, the Petitioner filed the instant motion pursuant to § 2255, his

3

fourth sequential motion. ECF No. 273, 280 in 3:05-CR-40. The Petitioner asserts two grounds for relief: (1) that he was improperly sentenced as a career offender; and (2) that his criminal history was improperly calculated. On November 20, 2017, Magistrate Judge Trumble reviewed the Petitioner's motion and recommended this Court deny the petition. On January 2, 2018, the Petitioner filed his objections. Therefore, this issue is ripe for the Court's review.

## II. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 requests that the sentencing court vacate, set aside, or correct the sentence on one of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Regarding a second or successive petition, 28 U.S.C. § 2255(h) states: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." The referenced § 2244 provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). However, "not every numerically second petition is a 'second or successive' petition." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014). In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002).

4

## III. Discussion

The Report and Recommendation found that Petitioner's current petition is a second or successive petition because Petitioner's second § 2255 motion [ECF No. 196] was dismissed on the merits. The Report and Recommendation also found that the Petitioner did not obtain authorization from the Fourth Circuit to file this fourth successive § 2255 motion. The Petitioner did not object to either of these findings.

Rather, the Petitioner urges this Court to consider the merits of his motion, namely that he is not a career offender under Johnson. ECF No. 290. The Petitioner argues that failure to consider the merits of his petition would result in a miscarriage of justice. Id. However, the Court will not evaluate the merits of Petitioner's § 2255 motion because it has no jurisdiction over this matter. It is undisputed that Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Accordingly, Petitioner's objections are overruled.

## IV. Conclusion

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation is **ADOPTED** for the reasons more fully stated therein. It is further ordered that Petitioner's § 2255 petition is **DENIED** and **DISMISSED** from the active docket of this Court. All remaining motions in 3:05-CR-40 and 3:17-CV-23 are **DENIED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record

herein and to mail a copy to the pro se Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: January 18, 2018

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE